HENRY F. BISSELL, RESPONDENT, *v.* DORR RUSSELL, APPELLANT.

*Evidence — refusal to allow a witness to state whether he desired to correct any mistake he had made in his testimony — when sustained.*

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

This action was brought to recover damages caused by the fraudulent representations of the defendant, by which the plaintiff was induced to make deposits in and purchase stock of the Loaners' Bank. No exception was taken to the charge and all the requests of the defendant were granted. The appeal presents exceptions to the admission and rejection of evidence.

The court at General Term said : " The most impressive exception is that taken to the refusal of the presiding judge to allow Anthon D. Russell to state, whether he had made a mistake in giving his testimony in reference to an interview detailed, and the refusal to allow him to say whether he desired to correct any mistake that he had made in giving his testimony in that regard. The witness had been fully examined in the case prior to this incident and had been cross-examined as to all the conversations he had heard between the plaintiff and defendant, and all the statements made by the plaintiff in his hearing relating to this action. The right, therefore, to recall and examine the witness, even under the circumstances stated, *is held to be a matter of discretion, and the rejection of it, subject to review only for the purpose of ascertaining whether the discretion has been abused.* (*Treadwell* v. *Stebbins,* 6 Bosw., 538 ; *Meakim* v. *Anderson,* 11 Barb., 215 ; *Meyer* v. *Goedel,* 31 How., 463 ; *Knight* v. *Cunnington,* 6 Hun, 100 ; *Marshall* v. *Davies,* 78 N. Y., 414.) The rule seems to be harsh because a witness entirely honest may be prevented from correcting an error which would benefit the party against whom he was called, and yet an arrangement with the witness might be made leaving a result which would be dishonestly obtained, and hence, no doubt, the rigor of the rule.

" The appeal book is so framed that the evidence of the witness is not given in detail, and it seems to be impossible to determine, therefore, whether there was any abuse of the discretion or not. The justice presiding at the trial seems to have been very decided in his views as to the impropriety of allowing the examination."

*Robert Sewell,* for the appellant.

*R. A. Stanton,* for the respondent.

Opinion *Per Curiam.*

Present— DAVIS, P. J., BRADY and BARRETT, JJ.

Judgment affirmed, with costs.